[985 NYS2d 878]

In the Matter of EWAN D. ANDERSON (Admitted as EWAN DER-RICK ANDERSON), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH, AND THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, May 14, 2014

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse*, Brooklyn (*Colette M. Landers* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts served the respondent with a petition dated July 23, 2012. Following a prehearing conference and hearing, the Special Referee sustained all the charges. The Grievance Committee now moves to confirm the report of the Special Referee and for the imposition of such discipline as the Court deems just and appropriate. Although served with a copy of the motion, the respondent has not submitted any papers in response, or requested additional time in which to do so.

Charge one alleges that the respondent converted funds entrusted to him as a fiduciary, incident to his practice of law, to his own use and benefit, in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rules 1.15 (a) and 8.4 (c) and (h). The respondent maintained an attorney escrow account at JPMorgan Chase Bank entitled "IOLA-Ewan D. Anderson, Attorney at Law." Commencing in or about December 2009, the respondent represented Lora Holley, as executor of the estate of Evangeline Robinson (hereinafter the seller), in the sale of real property located at 110-59 168th Street, Jamaica, New York, to Alton Development. The seller and Alton Development entered into a contract of sale for the premises. On or about December 23, 2009, the respondent received a check from Alton Development, payable to "Ewan D. Anderson, as attorney," in the sum of $10,000, representing the down payment on the contract of sale. The respondent deposited the check into his escrow account. The contract of sale authorized the respondent to release $5,000 from the down payment to the seller, but required him to maintain the remaining $5,000 in escrow until the closing of

title. The respondent released $548.04 from the down payment to a third party, on the seller's behalf. Prior to the closing on April 30, 2010, the respondent withdrew $7,785 from the balance of the down payment for his own use and benefit.

Charge two alleges that the respondent improperly drew checks payable to "cash," from his attorney escrow account, in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rules 1.15 (e) and 8.4 (h). From on or about January 1, 2009, through on or about April 30, 2010, the respondent issued eight checks from his escrow account, totaling $21,323.80, that were payable to "cash."

Charge three alleges that the respondent neglected legal matters entrusted to him, and failed to maintain appropriate communications with his clients, in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rules 1.3 (b), 1.4 (a) (3) and (4) and 8.4 (h). In or about July 2009, Lora Holley, as executor, retained the respondent to handle an estate. Holley paid the respondent $100 toward his legal fee and expenses. The respondent worked on the estate from July 2009 through April 30, 2010, when he handled a real estate closing for the estate. Since April 2010, the respondent has failed to complete the estate. He also has failed to respond to inquiries from Holley, contact her, or keep her apprised of the status of the estate.

In or about January 2007, Sheilah Edwards, as executor, retained the respondent to handle an estate. After Edwards died in June 2007, her daughter, Michelle Taylor, as her mother's executor, retained the respondent to complete the estate. The respondent worked on the estate from January 2007 until about March 2010, when he asked Taylor to pay him $4,000 toward his legal fee. Taylor paid the $4,000 as requested; however, the respondent has failed to complete the work on the estate. He also has failed to respond to inquiries from Taylor, contact her, or keep her apprised of the status of the estate.

Charge four alleges the respondent failed to reregister as an attorney with the Office of Court Administration (hereinafter OCA), in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (d) and (h). As an attorney, the respondent is required to reregister with OCA by filing a biennial registration statement within 30 days of his birthday, pursuant to Judiciary Law § 468-a and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1. The respondent failed to file biennial registration statements with OCA for the 2008-2009, 2010-2011, and 2012-2013 biennial registration periods.

Based on the evidence adduced, and the respondent's admissions, the Special Referee properly sustained all the charges. Accordingly, the Grievance Committee's motion to confirm the Special Referee's report is granted.

The respondent has a prior disciplinary history of three letters of caution: (1) a July 2008 letter of caution for neglecting a client matter, failing to reregister as an attorney, and failing to cooperate with the Grievance Committee; (2) a November 2001 letter of caution for failing to reregister as an attorney; and (3) an April 1997 letter of caution for neglecting a client matter.

In determining the appropriate measure of discipline to impose, the respondent has asked, via his hearing testimony, that the Court consider his remorse, his physical and mental health (pain, fractures from two accidents, and depression), his lack of funds to even seek needed medical treatment, and his reputation in the community as a caring and honest practitioner. Notwithstanding these mitigating factors, the respondent has committed serious escrow violations. Faced with financial difficulties, he invaded client funds for his personal use and benefit. Moreover, he neglected client matters and failed to maintain communications with his clients.

Under the totality of the circumstances, the respondent is suspended from the practice of law for three years.

ENG, P.J., RIVERA, SKELOS, DILLON and SGROI, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the respondent, Ewan D. Anderson, admitted as Ewan Derrick Anderson, is suspended from the practice of law for a period of three years, commencing June 13, 2014, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than December 13, 2016. In such application, the respondent shall furnish satisfactory proof (a) that during that period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10), (c) that he has complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c), and (d) that he has otherwise properly conducted himself; and it is further,

Ordered that the respondent, Ewan D. Anderson, admitted as Ewan Derrick Anderson, shall promptly comply with this

Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, the respondent, Ewan D. Anderson, admitted as Ewan Derrick Anderson, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Ewan D. Anderson, admitted as Ewan Derrick Anderson, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).